IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 2, 2003

## JAMES MILES PECK v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-A-500     J. Randall Wyatt, Jr., Judge**

**No. M2003-00486-CCA-R3-PC - Filed March 25, 2004**

The petitioner appeals the lower court's denial of his post-conviction relief petition. The petitioner entered a plea of *nolo contendere* to aggravated assault as a Range II offender, for which he was sentenced to ten years' incarceration at 35 percent. He contends on appeal that his trial counsel was ineffective for failing to properly investigate his case and that his plea was entered involuntarily. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Matthew Mayo, Nashville, Tennessee, for the appellant, James Miles Peck.

Paul G. Summers, Attorney General and Reporter; Braden H. Boucek, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Michael D. Rohling, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner was indicted on two counts of aggravated kidnapping and one count of aggravated assault. On July 6, 2001, pursuant to a plea agreement, the petitioner pled *nolo contendere* to the aggravated assault charge and received a ten-year sentence as a Range II offender at 35 percent. The petitioner filed a petition for post-conviction relief, alleging he received ineffective assistance of counsel and, as a result, entered his plea involuntarily.

Defense counsel, an assistant public defender, testified that assistant public defender Mike Engle represented the petitioner in an unrelated matter prior to her appointment. Defense counsel testified Engle helped the petitioner with a probation violation that ran concurrently with the charges she was assigned to defend.

Defense counsel testified that she spoke with the petitioner on six occasions for a total of over four hours. Defense counsel visited the petitioner where he was incarcerated on three

occasions, and three other meetings took place at the courthouse. She discussed possible defenses to the charges, including attacking the credibility of the victim and the possibility of using the victim's alleged history of drug abuse to discredit her testimony.

Defense counsel completed an investigative request form in the public defender's office in order to obtain a statement from the victim. She recalled making efforts to reach the victim and stated that she believed, but could not be certain, that someone from the public defender's office did speak with the victim. Defense counsel testified that the petitioner asked her to obtain the victim's medical records to show that the victim was on drugs at the time of the alleged incident. After requesting the information from the district attorney's office, defense counsel was told that no such records existed. Defense counsel, however, did have the medical records relating to the victim's current injuries.

Defense counsel testified that the petitioner laughed in response to the initial plea offer by the district attorney's office of twelve years at 100 percent. On July 5, 2001, the petitioner told defense counsel that he would plead guilty to aggravated assault for twelve years at 30 percent. Defense counsel testified she reviewed the plea petition with the petitioner on July 6 and explained his constitutional rights to him. She explained the likely outcome of going to trial and the effect of the petitioner's prior felony convictions on his sentencing if convicted.

Defense counsel stated that on July 6, she was adequately prepared to proceed to trial on Monday, July 9. Defense counsel secured the offer of ten years at 35 percent and advised the petitioner that in her opinion accepting the plea agreement was in his best interests. She stated that the petitioner expressed his understanding of the legal proceedings, explained what he wanted, and was able to discuss the legal process because of his previous experience in the criminal justice system.

Mike Engle testified that he was appointed to represent the petitioner on a probation violation warrant. He recalled he and the petitioner discussed both that case and the charge which underlies the current appeal. Engle stated that he might have discussed with the petitioner the possibility of working out both cases as part of a single plea, but Engle's representation of the petitioner concluded when the petitioner's case was transferred from Division I to Division II.

The petitioner testified he was initially charged with misdemeanor false imprisonment, which resulted in the probation violation charge. The petitioner stated he spoke with Engle briefly concerning the probation violation. The petitioner recalled he had no further contact with Engle after arraignment on the new charges in criminal court.

The petitioner testified that defense counsel came to their first meeting with an offer from the prosecution of twelve years at 35 percent, which he declined. He testified that defense counsel told him that if he went to trial, he would receive twelve years at 100 percent. The petitioner testified defense counsel said she had looked at his prior record and determined that he should not testify at trial. The petitioner stated that he requested that defense counsel obtain the victim's medical

-2-

records, which he contended would reveal the victim's injuries were sustained prior to the petitioner's alleged assault of her.

The petitioner testified that at his second meeting with defense counsel, he asked her if she had obtained the medical records, and she indicated she had not. The petitioner testified that he told defense counsel that the charges against him could all be explained by the medical records. He stated that he asked defense counsel whether she had spoken with the victim, and defense counsel said that she had not. The petitioner testified that he gave defense counsel the victim's telephone number, and defense counsel indicated she would contact the victim.

The petitioner recalled that his third meeting with defense counsel took place a few days prior to the trial date. He stated that defense counsel told him that the prosecution had not changed its offer and that it was in his best interests to plead guilty to serve twelve years at 35 percent. The petitioner declined the offer. He stated that at the time of this meeting, he was still intent on going to trial. He testified that defense counsel could not have been prepared to go to trial because she did not have the medical records that would substantiate his side of the story. The petitioner stated that he took the new ten-year offer because "it was either take the offer [or] go to trial and lose and be sentenced to additional time. I had no choice."

The petitioner conceded that defense counsel explained the possible punishment for the charges against him and he was aware of his rights prior to entering his plea. The petitioner acknowledged that the judge explained "everything" to him at the plea hearing, stating, "I know I didn't have to come in here and plead guilty."

The post-conviction court found that defense counsel's representation of the petitioner was competent and thorough and that the petitioner's plea was entered knowingly and voluntarily. The post-conviction court found that the petitioner failed to present evidence sufficient to establish deficient performance by defense counsel, prejudice, or an involuntary plea.

The post-conviction judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this court is bound by the findings unless the evidence in the record preponderates against those findings. *Jaco v. State*, 120 S.W.3d 828, 830 (Tenn. 2003). This court may not reweigh or reevaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

The petitioner contends that defense counsel provided him with ineffective assistance due to her failure to interview the victim and to obtain allegedly exculpatory medical records.

For a petitioner to successfully overturn a conviction based on ineffective assistance of counsel, the petitioner must first establish that the services rendered or the advice given was below

-3-

"the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Second, the petitioner must show that the deficiencies "actually had an adverse effect on the defense." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052 (1984). As to guilty pleas, the petitioner must establish that, but for counsel's errors, petitioner would not have entered the plea and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366 (1985). This standard also applies to a plea of *nolo contendere*. *Harold David Jones v. State*, No. 01C01-9805-CC-00222 (Tenn. Crim. App., Nashville, Apr. 8, 1999), *perm. app. denied* (Tenn. 1999).

The petitioner contends that if trial counsel had interviewed the victim, trial counsel would have discovered the victim would offer exculpatory evidence. However, the petitioner failed to produce the witness at the evidentiary hearing. We may not speculate as to what she might have told trial counsel. *See Black v. State,* 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Likewise, the petitioner testified medical records would show that the injuries inflicted upon the victim were preexisting. However, the petitioner did not produce any medical records at the evidentiary hearing. Without the benefit of such medical records, we are unable to conclude that the petitioner would not have entered his plea had counsel secured the medical records. The petitioner has failed to establish prejudice; thus, his claim of ineffective assistance of counsel is without merit.

The petitioner contends that his plea was unknowingly and involuntarily entered. However, no transcript of the plea hearing appears in the record before this court. It is the duty of the accused to provide a record which conveys a fair, accurate and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); *see State v. Taylor*, 992 S.W.2d 941, 944 (Tenn. 1999). Therefore, this issue is waived for failure to include the transcript in the appellate record. Regardless of waiver, we conclude that the plea was voluntarily entered.

There must be an affirmative showing that a plea is entered intelligently and voluntarily. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S. Ct. 1709 (1969). In determining the voluntary and knowing nature of a plea, the appellate court must examine all relevant circumstances which existed when the plea was entered. *Brady v. United States*, 397 U.S. 742, 749, 90 S. Ct. 1463 (1970); *State v. Turner*, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995).

In the instant case, the post-conviction court implicitly accredited the testimony of defense counsel. The post-conviction court found that the petitioner willingly entered into the plea agreement. The record of the post-conviction hearing reveals the petitioner indicated his willingness to reach a plea agreement prior to the date he entered his plea, actively took part in the process of reaching a plea agreement, and communicated specific terms of an acceptable plea agreement to his attorney prior to entering his plea. Moreover, the petitioner stated that defense counsel explained his rights and the possible punishment prior to entering his plea. The petitioner acknowledged that the judge explained "everything" to him, and the petitioner knew he did not have to enter the plea.

Based upon our review of the record, we conclude the petitioner received the effective assistance of counsel and knowingly and voluntarily entered his *nolo contendere* plea. We affirm the judgment of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE